Opinion by
Morrison, J.,
The plaintiff sued to recover on a promissory note and served the declaration and copy of note upon the defendants. The amount of the claim was $396, and it called for an affidavit of defense. The note was given for a pair of mules purchased from the plaintiff. Defendant J. E. Schmeck filed an affidavit of defense for himself in which he set forth his alleged defense and said: “That said mules at the time of said sale were not worth more than about $250, which sum he is ready and willing to pay, but no more.” ' It is upon this language that the questions raised by the assignments of error depend. No affidavit of defense was ever filed by or for defendant Elias Riegel. After the case had been put at issue by the defendants voluntarily entering their plea, within the time allowed for filing affidavits of defense, defendant Riegel died and his executor was substituted as a defendant. The case was tried in September, 1905, and the jury returned a verdict for $222.65 in favor of the plaintiff. On September 13, 1906, defendant Schmeck presented his petition averring, in substance, that he filed an affidavit of defense admitting to be due the sum of $250, and *399 averred his willingness to pay said sum, but plaintiff refused to accept said amount and proceeded to trial, and on September 28,1905, a verdict for $222.65-was rendered, and on June 16, 1906, a new trial was refused; that plaintiff not having recovered as much as was admitted to be due, by the affidavit of defense, is liable for costs of the suit incurred after the filing of the affidavit - of defense. Upon this petition, the court granted a rule to show cause and after answer and supplemental answer filed, and argument, the learned court filed an opinion and with it a decree as follows: “November 24, 1906, the rule to show cause is discharged,” and judgment was entered against the defendants for costs. This action of the court on the petition is assigned for error.
In determining the question thus raised the learned court was called upon to construe one of its own rules and we see no error in the construction put upon the rule. A careful examination of the opinion of the learned judge below, and the arguments of counsel, and authorities cited, does not convince us that the record discloses reversible error.
The affidavit of defense made by Schmeck is not in terms made on behalf of both defendants. It was made and sworn to by Schmeck and only sets forth his defense. It did not plainly and candidly admit that the defendants owed the plaintiff $250. In our judgment, the averment bears the construction that Schmeck did not admit, owing $250, but that he was willing to pay that sum, and no more, to settle the claim. Moreover, the defendants, within the time allowed for filing affidavits of defense, voluntarily entered their plea, thus tendering an issue to the plaintiff as to his right to recover the whole claim or any part thereof. The plaintiff accepted this issue and went to trial. In addition to this, defendants did not concede, at the trial, that they owed the plaintiff $250, and interest, but made a defense on the merits and reduced the recovery to $222.65. At the trial Schmeck testified that the mules were only worth $197. This testimony is wholly inconsistent with his contention that he admitted in his affidavit of defense that-he owed the plaintiff $250. By his testimony he furnishes a method of interpreting what he meant by the language used *400 in the affidavit of defense. If this affidavit, rightly construed, admits owing the plaintiff $250, then it is difficult to understand his testimony at the trial as a truthful statement. All of this convinces us that Schmeck did not mean to admit that he owed $250 on the note, and interest, but that he offered the amount of $250, and no more, as a settlement of the claim. If we are right in this construction, it is not a sufficient admission that defendants owed on the note $250 and interest. We think the opinion filed by the learned court below sufficiently vindicates his decision and that nothing more can be profitably said on the subject.
The assignments of error are dismissed and the judgment is affirmed.